**UNITED STATES v. PORTER.**
No. 1388A.

District Court, W. D. New York.
Oct. 14, 1935.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (by Goodman A. Sarachan, Asst. U. S. Atty., of Rochester, N. Y.), for the United States.

Mann, Strang, Bodine & Wright, of Rochester, N. Y. (George F. Bodine, of Rochester, N. Y., of counsel), for claimant.

KNIGHT, District Judge.

Libel was filed on January 15, 1934, under the United States Standard Container Act of 1928 (15 USCA §§ 257, 257a) against a quantity of so-called "high-hat" hampers, described as ten-quart hampers or round-stave baskets for fruit and vegetables. The libel alleges that these hampers are not ten-quart hampers and not standard containers for fruit and vegetables as provided in said act.

Two exceptions to the libel were filed by claimant: (I) That the facts set forth in the libel are insufficient to state a cause of action (a) in that it is not alleged that the hampers were sold or offered for sale in interstate commerce, and (b) that the hampers were sold or offered for sale for use as containers for fruits and vegetables; and (II) that the aforementioned act is invalid as repugnant to and violative of the Tenth Amendment to the Constitution of the United States.

■ Exception I (a) is evidently taken on the theory that the Standard Container Act (15 USCA § 257 et seq.) is an application of the power of Congress to regulate interstate commerce. There is nothing to show that the hampers in question were to be or were being used in interstate commerce. It is not claimed by the government that the authority for the act comes from the Commerce Clause of the Constitution, but it is claimed that it is specifically authorized by article 1, § 8, cl. 5 of the Constitution, which provides that Congress "shall have Power To * * * fix the Stand-

ard of Weights and Measures." The libel not being based upon any rights under the Commerce Clause, it is unnecessary for the libelant to allege sale or offering for sale in interstate commerce.

■ The libel alleges that the said hampers are hampers and round-stave baskets for fruits and vegetables and that they "were sold and are being offered for sale * * * in the Western District of New York."

The allegations are sufficient to show that the containers were sold and offered for sale as containers for fruits and vegetables. Paragraph first of the libel alleges that the above-described hampers "were sold and being offered for sale." The hampers described fall within the provisions of the act. In paragraph second of the libel it is alleged "that the hampers are hampers and round stave baskets for fruits and vegetables within the meaning of the Act of Congress." Taken together the allegations are sufficient.

■ The second exception raised is the question of the interpretation of article 1, § 8, cl. 5 of the Constitution. It is claimed that this provision gives Congress the power only to adopt a unit of weight or measure, and that the power to regulate the standard unit, not having been delegated to the United States, was reserved to the states. Many states, acting under the police powers, have prescribed the weights under which packages of certain commodities must be sold. The specific question has never been judicially determined. Certain language in the opinion in Dwight & Lloyd Sintering Co. v. American Ore Reclamation Company (C. C. A.) 263 F. 315, 316, approaches nearest to any expression of the courts of the meaning of this provision of the Constitution that has come to my attention. In that case the dispute arose over the meaning of the word "ton." It was held there that the state of New York had the right to provide for the establishment of standard weights and measures; but it was said: "Article 1, § 8, of the United States Constitution, gives to the Congress of the United States power to establish uniform weights and measures. Except as to the standard Troy pound weight, this power has never been exercised. * * * Many of the states of the Union, however, have exercised this power for themselves and regulate weights and measures." The reasonable interpretation of this opinion is that the court recog-

nized the right of the federal government to fix a standard of weights and measures such as a "ton," and also the right of the state to do this where Congress had failed to act.

If Congress can legally say how many pounds shall constitute a ton, it would seem it could fix a standard of sizes for hampers and baskets for different uses.

The purpose of this act was to avoid the difficulties caused by the use of varying weights and measures in the several states. Congress has enacted the statutes here in question establishing standard split baskets for fruits and vegetables. It is my view that the provision is constitutional. However, this court should be reluctant to hold the act unconstitutional if the court's mind were not entirely clear.

The exceptions are, therefore, overruled.